*Formatted for Electronic Distribution*                                                              *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re:**
    **Marc DeJesus**                                  Case No. 22-10071
    **and Virginia DeJesus,**                   Chapter 13

    **Debtors.**
_____

*Appearances:*

Rebecca Rice, Esq.                              Jan M. Sensenich, Esq.
Cohen & Rice                                      Norwich, Vermont
Shrewsbury, Vermont                   Chapter 13 Trustee
*For the Debtors*

*Filed & Entered On Docket 08/13/2024*

## MEMORANDUM OF DECISION AND ORDER
## ON DEBTOR'S CLAIM OF EXEMPTION FROM SALE OF HOMESTEAD

On June 13, 2024, Debtor Virginia DeJesus[1] filed a Motion to Sell Pursuant to 11 U.S.C. §363(b) and Vt. LBR 6004-1 (doc. # 38) requesting Court approval of the proposed sale of real property located at 196 Tinkham Road, in Shaftsbury, Vermont (the "Property"). On June 21, 2024, the Court held a hearing on the Motion to Sell. Pending supplemental briefing and Debtor's amendment to her schedules, the Court approved the Motion to Sell provided that any funds exceeding Debtor's original claimed homestead exemption amount be held in escrow (doc. # 44). Based upon the reasoning below the Court authorizes the balance of the sale proceeds to be disbursed to Debtor as exempt proceeds.

### JURISDICTION

The Court has jurisdiction over the matter before the Court pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court finds the matter constitutes a core proceeding according to 28 U.S.C. § 157 (b)(2)(B), over which this Court has constitutional authority to enter a final judgment.

---

[1] Debtor Marc DeJesus passed away on August 5, 2023 (doc. # 49).

1

## BACKGROUND

On June 7, 2022, Debtors commenced their Chapter 13 bankruptcy case (the "Petition Date") (doc. # 1). On the Petition Date, Debtors valued the Property, owned as tenants by the entirety, at $250,000.00 with a mortgage balance of $179,273.00 and claimed exemptions for each Debtor in the amount of $35,363.35 (doc. # 1). On July 26, 2022, the Court confirmed Debtors' Chapter 13 Plan (the "Plan") (doc. # 20).

On June 13, 2024, Debtor filed a motion to sell the Property under §363(b) on shortened notice with a hearing date of June 21, 2024. In the motion to sell, Debtor proposed to sell the Property for $275,000.00, the proceeds of which would satisfy the mortgage on the Property, pay off the balance under the Plan, with the remaining proceeds to be paid to Debtor. The remaining proceeds exceed Debtor's claimed homestead exemption. At the June 21, 2024 hearing, the Court questioned why Debtor should retain proceeds from the sale exceeding her claimed homestead exemption when the unsecured creditors' dividend under the Plan remains at eight percent. The Court approved the Motion to Sell with the reservation of any funds exceeding Debtor's original claimed homestead exemption amount be held in escrow (doc. # 44) to allow the sale to proceed and to afford Debtor's counsel to submit post-hearing briefing.

On June 26, 2024, Debtor amended her schedules to claim a $98,457.22 homestead exemption, reflecting the $275,000.00 purchase price less the amounts due under the mortgage and the Plan (doc. # 44). On VTB Form C, the "Notice of Amendment Cover Sheet," Debtor's counsel certified under Fed.R.Bankr.P. 9011 that she properly served the amended schedules in accordance with Fed.R.Bankr.P. 1009(a). (*Id.*).

## DISCUSSION

Federal Rule of Bankruptcy Procedure 1009(a) permits liberal amendment of exemption schedules and provides that an exemption schedule "may be amended by the debtor as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a). Even before a case is closed, a debtor's right to amend is not unlimited and an amendment may be denied upon a showing of bad faith by the debtor or prejudice to the creditor. *See, In re Wiggs,* 610 B.R. 57, 60 (Bankr.D.Conn. 2019). Under Federal Rule of Bankruptcy Procedure 4003(b)(1), parties in interest, which includes creditors, have thirty (30) days after any amendment to file an objection to the amended schedules. Based upon Debtor's counsel certification of notice in accordance with Rule 1009(a), the Court presumes notice is proper and no interested party interposed an objection to Debtor's amended amount of her homestead exemption.

There is no dispute Debtor was entitled to claim her Vermont homestead exemption as of the Petition Date, which in turn, extends to proceeds from the sale of her homestead so long as the proceeds do not exceed the Vermont homestead exemption amount. *See In re Greene,* 451 B.R. 331, 339 (Bankr.D.Vt. 2011). Because Debtor's amended schedules reflect her ability to claim an exemption in the full amount of the excess sale proceeds in accordance with Vermont law, proper notice having been given to all parties in interest (including all creditors) and no objection having been filed within the thirty days set forth in Bankruptcy Rule 4003(b)(1), the Court finds that the balance of the sale proceeds may be disbursed to Debtor as exempt.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

**SO ORDERED.**

August 13, 2024                          Heather Z. Cooper
Burlington, Vermont                United States Bankruptcy Judge